1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    BRUD ROSSMANN,

Plaintiff,

8

v.

9

10    G. MICHAEL HARVEY,

Defendant.

11

Case No. 17-cv-05633-MEJ

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

**REPORT & RECOMMENDATION**

12
13

**INTRODUCTION**

14          On September 28, 2017, Plaintiff Brud Rossmann filed a Complaint and an Application to

15    Proceed In Forma Pauperis.  Compl., Dkt. No. 1; Appl., Dkt. No. 3.  A district court may authorize

16    the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff

17    cannot pay the filling fees required to pursue the lawsuit.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff

18    submitted the required documentation demonstrating he is unable to pay the costs of this action,

19    and it is evident from the Application that his assets and income are insufficient to enable him to

20    pay the fees.  *See* Appl.  Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In

21    Forma Pauperis.  As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate

22    Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District

23    Judge, with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO**

24    **AMEND**.

25                    **SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

26    **A.    Legal Standard**

27          The Court also must review Plaintiff's Complaint to determine whether the action may be

28    allowed to proceed.  The Court must dismiss the Complaint if it is frivolous, fails to state a claim

1   upon which relief can be granted, or seeks monetary relief against a defendant who is immune

2   from such relief.  28 U.S.C. § 1915(e)(2)(B).  To make this determination, courts assess whether

3   there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v.*

4   *Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are

5   liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Moreover, the

6   Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no

7   request to amend the pleading was made, unless it determines that the pleading could not possibly

8   be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

9   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

10  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

11  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

12  **B.    Allegations in the Complaint**

13          Plaintiff names as defendant G. Michael Harvey, U.S. Magistrate Judge for the District of

14  Columbia.  Compl. at 1, 21-22.  He also sues "the 'Jews' more generally." [1]  *See id.* at 1.  Plaintiff

15  asserts two claims.  His first claim for "Criminal Battery or Battery with Intent or Attempted

16  Murder" is based on his contention that "[t]he Jews (among others) have repeatedly admitted to

17  their targeting [and] destruction of Brud Rossman" and "have advertised their hatred of Brud

18  Rossman across the Internet in many forms, across many public record systems, and otherwise."

19  *Id.* at 27-28.  Plaintiff further alleges "[t]he Courts . . . have not intervened, only served to

20  perpetuate the targeting, destruction, [and] indexing." *Id.* at 29.  As an example, Plaintiff cites

21  "the Jew G Michael Harvey's handling of the 15-cr-0040 proceeding." *Id.*  It is unclear what

22  gives rise to Plaintiff's second claim for "'Theft'/Robbery."  Plaintiff does not identify what was

23  allegedly stolen; however, he alleges "acoustic attacks", "infrasonic weaponry", and "wireless

24  c4ISR platform abuse" were involved in an unspecified manner. *See id.* at 30-33.  Plaintiff seeks

25  $10 million in damages, as well as injunctive and declaratory relief. *Id.* at 9, 33.

26

27  [1] On September 26, 2017, Plaintiff filed a similar lawsuit against "the 'Jews' more generally" in
    the Southern District of Mississippi, which was based on many of the same allegations he includes

28  in this action. *See Rossman v. Ivanov*, Case No. 17-cv-785-CWR (S.D. Miss.).  That case was
    dismissed without prejudice on September 27, 2017. *Id.*, Dkt. No. 4 (Final Judgment).

1    **C.    Analysis and Screening**

2         The undersigned recommends dismissing the action without leave to amend because the

3    Complaint fails to state a claim upon which relief can be granted and because amendment cannot

4    cure the Complaint's defects.

5         Plaintiff cannot state a claim against Judge Harvey.  "Judges are among those officials who

6    'have long enjoyed a comparatively sweeping form of immunity,' which has been justified on the

7    theory that it helps 'protect[ ] judicial independence by insulating judges from vexatious actions

8    prosecuted by disgruntled litigants.'"  *Brooks v. Clark Cty.*, 828 F.3d 910, 916 (9th Cir. 2016)

9    (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)) (edits in *Brooks*); *see Mireles v. Waco*, 502

10   U.S. 9, 9 (1991) (per curiam) ("[G]enerally, a judge is immune from a suit for money damages.").

11   A judge is not entitled to immunity in two instances: "a judge does not receive absolute immunity

12   for 'nonjudicial actions, i.e., actions not taken in the judge's judicial capacity,' and a judge does

13   not receive absolute immunity 'for actions, though judicial in nature, taken in the complete

14   absence of all jurisdiction.'"  *Brooks*, 828 F.3d at 916 n.3 (quoting *Mireles*, 502 U.S. at 11-12).

15   Nothing in the Complaint suggests Plaintiff's allegations concerning Judge Harvey fall under

16   either of these categories.  At best, it seems Plaintiff's claims arise from a prior criminal

17   proceeding in which Judge Harvey was involved.  *See* Compl. at 22 (alleging Judge Harvey

18   "confessed to many violations of law in his handling of 15 cr 0040"); *id.* at 29 (referring to "the

19   Jew G Michael Harvey's handling of the 15-cr-0040 proceeding"); *see also United States v.*

20   *Rossman*, Case No. 15-cr-40-CKK-GMH-1 (D.D.C.).  Plaintiff does not allege Judge Harvey

21   engaged in nonjudicial actions or lacked jurisdiction over Plaintiff in the criminal proceeding.

22   Judicial immunity therefore bars Plaintiff from suing Judge Harvey.

23        Plaintiff also cannot assert claims against "the Jews."  In so doing, Plaintiff fails to

24   attribute any specific conduct to any individual.  *See, e.g.*, *Guerra v. Adams*, 2011 WL 13193259,

25   at *2 (E.D. Cal. Apr. 1, 2011), *aff'd*, 472 F. App'x 812 (9th Cir. 2012) (dismissing claims against

26   "medical staff generally" where plaintiff failed to identify specific defendants).  Plaintiff cannot

27   seek liability against an entire population of persons.  Moreover, as explained below, even if

28   Plaintiff could amend to name a specific individual, amendment would be futile in light of the

1  claims he seeks to assert.

2      Plaintiff appears to allege "Defendants" engaged in criminal conduct. *See, e.g.*, Compl. at

3  27 ("Criminal Battery or Battery with Intent or Attempted Murder"). A civil action is not the

4  proper mechanism to press criminal charges. *See Ou-Young v. Roberts*, 2013 WL 6732118, at \*6

5  (N.D. Cal. Dec. 20, 2013) (federal criminal statutes do not provide private right of action) (citing

6  cases); *Kumar v. Naiman*, 2016 WL 397596, at \*2 (E.D. Cal. Feb. 2, 2016) ("[P]laintiffs, as

7  private citizens, have no standing to prosecute criminal claims.") To the extent Plaintiff seeks to

8  pursue criminal charges, amendment of these claims would be futile.

9                                    **CONCLUSION**

10      Based on the analysis above, the undersigned **GRANTS** the Application to Proceed In

11  Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate

12  Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District

13  Judge, with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO**

14  **AMEND**.

15      Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to

16  this Report and Recommendation within 14 days after being served.

17      **IT IS SO ORDERED AND RECOMMENDED.**

18

19  Dated: October 16, 2017

20  _____

21                          MARIA-ELENA JAMES
                            United States Magistrate Judge

22

23

24

25

26

27

28

4